United States District Court
Middle District of Florida
Jacksonville Division

**OLIVIA SEAMAN,**

    *Plaintiff,*

v.                                                       No. 3:22-cv-76-BJD-PDB

**HOLIDAY CVS, LLC,**

    *Defendant.*

# Order

Defendant Holiday CVS moves to strike plaintiff Olivia Seaman's request for prejudgment interest. Doc. 8. Seaman opposes the motion. Doc. 10.

This is a tort action removed from state court based on diversity jurisdiction. Doc. 1. Seaman alleges that, while on CVS's premises, she fell and was injured because of CVS's negligence. Doc. 3. She alleges damages of "pain and suffering, disability, disfigurement, permanent and significant scarring, mental anguish, loss of the capacity for the enjoyment of life, expense of hospitalization, medical and nursing care and treatment, loss of earning, loss of the ability to earn money, and aggravation of previously existing condition." Doc. 3 ¶ 11. She demands "damages, costs for this action, interest and other such and further relief as this Court may deem meet and just." Doc. 3 at 3–4.

CVS relies on Federal Rule of Civil Procedure 12(f). Doc. 8 at 1, 4. Rule 12(f) permits a court to strike from a pleading "any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). CVS reads "interest"

in the demand as "prejudgment interest" and argues prejudgment interest is unavailable in tort actions because the damages are "too speculative to liquidate." Doc. 8 at 3.

In a diversity case, entitlement to prejudgment interest is a question of state law. *Royster Co. v. Union Carbide Corp.*, 737 F.2d 941, 948 (11th Cir. 1984). Entitlement to post-judgment interest is a question of federal law. *G.M. Brod & Co. v. U.S. Home Corp.*, 759 F.2d 1526, 1542 (11th Cir. 1985); *see* 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court.").

Under Florida law, a plaintiff is entitled to prejudgment interest if she "suffered an actual, out-of-pocket loss at some date prior to the entry of judgment." *Alvarado v. Rice*, 614 So. 2d 498, 499 (Fla. 1993) (citing *Argonaut Ins. Co. v. May Plumbing Co.*, 474 So. 2d 212, 215 (Fla. 1985)). In a tort action, prejudgment interest generally is unavailable "because tort damages are generally too speculative to liquidate before final judgment." *Lumbermens Mut. Cas. Co. v. Percefull*, 653 So. 2d 389, 390 (Fla. 1995). But an exception exists for past medical expenses if the plaintiff "has made actual, out-of-pocket payments on those medical bills at a date prior to the entry of judgment." *Venn v. St. Paul Fire & Marine Ins. Co.*, 99 F.3d 1058, 1067 (11th Cir. 1996) (quoting *Alvarado*, 614 So. 2d at 500).

Even reading "interest" as "prejudgment interest," CVS fails to show Seaman's request for interest is redundant, immaterial, impertinent, or scandalous. Seaman's alleged damages include the "expense of hospitalization, medical and nursing care and treatment[.]" Doc. 3 ¶ 11. Striking under Rule 12(f) is thus unwarranted. *See, e.g.*, *Salthouse v. CVS Fla. Distrib., LLC*, No. 17-14337-CIV, 2018 WL 1881369, at *5 (S.D. Fla. Mar. 22, 2018) (denying

2

motion to strike demand for prejudgment interest under similar circumstances). The Court **denies** the motion, Doc. 8, without prejudice to opposing any later award of prejudgment interest.

**Ordered** in Jacksonville, Florida, on March 10, 2022.

_____
PATRICIA D. BARKSDALE
*United States Magistrate Judge*